UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATCHITOCHES PARISH HOSPITAL SERVICE DISTRICT, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TYCO INTERNATIONAL, LTD.;<br>TYCO INTERNATIONAL (U.S.), INC.;<br>TYCO HEALTHCARE GROUP, L.P.; and<br>THE KENDALL HEALTHCARE<br>PRODUCTS COMPANY,<br>Defendants. | Civil Action No. 05-12024 (PBS) |

[PROPOSED] ORDER PRELIMINARILY APPROVING PLAINTIFFS' PROPOSED SETTLEMENT, AUTHORIZING NOTICE TO THE CLASS, AND SETTING FINAL SETTLEMENT HEARING

Upon review and consideration of the Settlement Agreement, dated January 15th, 2010, and Plaintiffs' Motion for Preliminary Approval of Settlement, Approval of Form of Notice, and Setting of Final Settlement Hearing and their brief in support of that motion, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. The Court has jurisdiction over this action and each of the parties.

2. Upon review of the record, the Court finds that the proposed settlement, which includes a cash payment of thirty-two million five hundred thousand dollars by Defendants into an escrow account for the benefit of Plaintiffs and the Class (the "Settlement Fund") in exchange for, *inter alia*, dismissal of the litigation with prejudice and certain releases of claims by Plaintiffs as set forth in the Settlement Agreement, was entered into at arm's length by highly experienced counsel after four and a half years of litigation and the commencement of trial, falls within the range of reasonableness and is hereby preliminarily approved.

3.  The proposed form of Notice to Class Members of the proposed settlement (the "Notice") and the proposed methods of dissemination thereof (first-class mail and publication) satisfy the requirements of Federal Rule of Civil Procedure 23(e) and due process, is otherwise fair and reasonable, and is therefore approved. The Court finds that because the prior Notice of Pendency of Class Certification ("Notice of Pendency"), which was dated May 22, 2009 and was sent to putative Class members advising them of the pending class action and their right to remain a member of the Class or to seek to be excluded from the Class, satisfied the requirements of Federal Rule of Civil Procedure 23(e) and due process, there is no need for an additional opt-out period pursuant to Federal Rule of Civil Procedure 23(e)(4). Within 10 (ten) days of this Order, Class Counsel shall cause the Settlement Notice, substantially in the form attached as Exhibit 2 to Plaintiffs' Motion, to be: (a) disseminated to the last known address of each person or entity that purchased sharps containers directly from Defendants; and (b) published in Modern Healthcare. The Proof of Claim and Release, which will accompany the Notice, is also hereby approved.

4.  The Court appoints Berdon Claims Administration LLC as Claims Administrator (the "Claims Administrator") to assist in disseminating the Settlement Notice to the Class. Responsibilities of the Claims Administrator shall include: (a) establishing a P.O. Box (to be included in the Settlement Notice) for purposes of communicating with Class members; (b) disseminating notice to the Class; (c) accepting and maintaining documents sent from Class members, including claims forms and other documents relating to claims administration; and (d) administering claims for the allocation of damages among Class members. All expenses incurred by the Claims Administrator shall be payable solely from the Settlement Fund.

5.  All briefs and materials in support of the motion for final approval of the settlement, fee petition by Class Counsel and any application for incentive awards for the named Plaintiffs shall be filed with the Court no later than February 23, 2010.

Case 1:05-cv-12024-PBS   Document 386-3   Filed 01/15/2010   Page 4 of 6

6. Persons or entities wishing to object to the proposed settlement and/or otherwise be heard at the Fairness Hearing shall no later than March 1, 2010 send via first-class mail postage pre-paid to the Office of the Clerk of this Court a Notice of Intention to Appear and a Summary Statement outlining the position(s) to be asserted and the grounds therefore, together with any copies of any supporting papers or briefs, with copies to the following counsel:

On behalf of Class Counsel, Plaintiffs and the Class:

Bruce Gerstein, Esq.
Garwin Gerstein & Fisher LLP
1501 Broadway, Suite 1416
New York, NY 10036

On behalf of Defendants:

James Donato, Esq.
Shearman & Sterling LLP
525 Market Street, Suite 1500
San Francisco, CA 94105

7. Except as provided herein, no person or entity shall be entitled to contest the terms and conditions of the settlement, and persons who fail to object as provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

8. All briefs and materials responding to any objections submitted by Class Members wishing to object to the proposed settlement and/or otherwise be heard no later than March 5, 2010.

9. A hearing on final approval (the "Fairness Hearing") shall be held before this Court on March 10, 2010, at 2:00 p.m. (EST) for the purpose of considering, *inter alia*: (a) whether the proposed settlement is fair, reasonable and adequate and should be approved by the Court; (b) whether Direct Purchaser Class counsels' application for attorneys' fees and expenses and for an incentive award for the Class Representatives should be granted; and (c) whether to approve the proposed plan of allocation of the Settlement Fund among Class Members.

10. In the event the Settlement Agreement does not become final, then, subject to

approval by the Court, litigation of the Class Action will resume in a reasonable manner to be approved by the Court upon joint application of the parties hereto.

11.     In the event the Settlement Agreement and the Settlement are terminated in accordance with applicable provisions of the Settlement Agreement, the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against Defendants and any other released party, and the Defendants and any other released parties shall retain any and all defenses and counterclaims there. These actions shall thereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed; and upon application of counsel for Defendants and Class Counsel, this Court shall enter an order authorizing the parties to retry these actions.

12.     The Settlement Agreement, whether or not it shall become final, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or any liability or wrongdoing by Defendants or an acknowledgement of defenses by the Plaintiffs, or the truth of any of the claims or allegations contained in the Complaint or any other pleading or the standing of any party to assert claims against Defendants or defenses against the Plaintiffs, and evidence thereof shall not be discoverable or used directly or indirectly, by any party or any third party, in any way, whether in the Class Action or in any other action or proceeding.

SO ORDERED this 19 day of January, 2010.

_____
Hon. Patti B. Saris
U.S. District Court for the District of Massachusetts