UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATCHITOCHES PARISH HOSPITAL SERVICE DISTRICT, and JM SMITH CORPORATION d/b/a SMITH DRUG COMPANY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TYCO INTERNATIONAL, LTD.; TYCO INTERNATIONAL (U.S.), INC.; TYCO HEALTHCARE GROUP, L.P.; and THE KENDALL HEALTHCARE PRODUCTS COMPANY,<br>Defendants. | Civil Action No. 05-12024 (PBS) |

## [PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, AWARDING ATTORNEYS' FEES AND EXPENSES, AWARDING REPRESENTATIVE PLAINTIFFS INCENTIVE AWARDS, APPROVING PLAN OF ADMINISTRATION, AND ORDERING DISMISSAL AS TO ALL DEFENDANTS

The Court, having considered (a) the Direct Purchaser Class's Motion for Final Settlement Approval; (b) the Brief in Support of the Direct Purchaser Class's Motion for Final Settlement Approval; (c) the Direct Purchaser Class Proof of Claim and Release; (d) the Direct Purchaser Class's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to the Class Representatives; (e) the Brief in Support of the Direct Purchaser Class's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to the Class Representatives; and (f) the Affidavit of Class Counsel Andrew Kelly, Esq.; and having held a hearing on March 10, 2010; and having considered all of the submissions and arguments with respect thereto; pursuant to Rules 23 and 54 of the Federal Rules of Civil Procedure, and in

accordance with the terms of the settlement agreement between Direct Purchaser Class Plaintiffs ("Plaintiffs") and Defendants Tyco International, Ltd., Tyco International (US), Inc., Tyco Healthcare Group, LP, The Kendall Healthcare Products Company, and Covidien, Inc. (collectively, "Defendants"), dated January 6, 2010 (the "Settlement Agreement"), it is hereby **ORDERED, ADJUDGED and DECREED that:**

1. This Order and Final Judgment incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings set forth in the Settlement Agreement. As set forth in the Preliminary Approval Order (D.E. No. 396), dated January 26, 2010, the previously certified Class is defined as follows:

> The Direct Purchaser Class includes all persons or entities in the United States who purchased sharps containers directly from Covidien or any of its predecessor entities, including but not limited to Tyco Healthcare and the Kendall Healthcare Products Company. Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and the following entities that opted out of the Class: Har-Kel, Inc., VWR Inc., and Saint Vincent's Health Center.

2. The Court has jurisdiction over these actions and over each of the parties and over all members of the Class.

3. As required by this Court in the Preliminary Approval Order, notice of the proposed Settlement was mailed by first-class mail to all members of the Class. Such notice to members of the Class is hereby determined to be fully in compliance with the requirements of Fed. R. Civ. P. 23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

4. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class members are bound by this Order and Final Judgment.

5. The Settlement of this Direct Purchaser Class Action was not the product of

collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Class Counsel[1] and Defendants' counsel.

6.   The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed Settlement, and has been advised that there have been no objections to the Settlement from any members of the Class, and also that the Class Representatives have explicitly indicated their support for the Settlement and Class Counsel's requested attorneys' fees and reimbursement of expenses.

7.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate to Class members. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement. The Settlement is fair, reasonable and adequate in light of the "*Grinnell*" factors set forth in *New England Carpenters Benefits Fund v. First DataBank, Inc.*, 602 F.Supp.2d 277, 280 (D. Mass. 2009) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)):

(a) this case was highly complex, expensive and time consuming, and would have continued to be so if the case had not settled;

(b) there were no objections to the Settlement by Class members, and the Class Representatives expressed affirmative support for the Settlement;

(c) because the case settled after the parties had completed discovery and

---

[1] Class Counsel consisted of the following firms: Garwin Gerstein & Fisher, L.L.P., as de facto Lead Counsel, along with the firms of Odom & Des Roches, L.L.P., The Smith Foote Law Firm (formerly Percy, Smith & Foote), Gold, Weems, Bruser, Sues & Rundell, Berger & Montague, P.C., Kozyak, Tropin & Throckmorton, and local counsel Shapiro Haber & Urmy. Additional class counsel that actively participated in the case included Schiffrin Barroway Topaz & Kessler, Law Office of Al Yates, Hangley, Segal, Pudlin & Aronchick, Jordan Cramer, and Berger & Singerman.

3

commenced trial, Class Counsel had a full appreciation of the strengths and weaknesses of their case before negotiating the Settlement;

(d) Class Counsel and the Class would have faced numerous and substantial risks in establishing liability if they had decided to continue to litigate rather than settle;

(e) Class Counsel and the Class would have faced numerous and substantial risks in establishing damages if they had decided to continue to litigate rather than settle;

(f) Class Counsel and the Class did not face a substantial risk of maintaining the class action through the end of trial, but would have faced a substantial risk of not maintaining the class action upon appellate review;

(g) Plaintiffs do not contend that Tyco could not have withstood a greater judgment;

(h) the Settlement amount is well within the range of reasonableness in light of the best possible recovery; and,

(i) the Settlement amount is well within the range of reasonableness in light of the risks the parties would have faced if the case had continued to verdicts as to both liability and damages.

8.   The Court approves the Plan of Administration of the Settlement proceeds (net of attorneys' fees, reimbursed expenses and incentive awards) as proposed by Class Counsel in the Direct Purchaser Proof of Claim and Release (the "Plan"). The Plan, which had previously been summarized in the Notice of Proposed Settlement (see D.E. # 395-2 at 14-20), proposes to distribute the net Settlement proceeds *pro rata* based on Class member purchases of sharps containers, and does so fairly and efficiently.

9.   All claims in the above-captioned action against Defendants are hereby dismissed with prejudice, and without costs, with such dismissal subject only to compliance by the Parties

with the terms and conditions of the Settlement Agreement and this Order and Final Judgment, over which the Court retains jurisdiction.

10. In accordance with the Settlement Agreement, upon the Settlement's becoming final in accordance with its terms:

(a) Defendants and their past, present and future parents, subsidiaries, divisions, departments, affiliates, stockholders, officers, directors, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") are and shall be released and forever discharged from all manner of claims, rights, demands, obligations, damages, actions or causes of action, and liabilities, of any nature whatsoever (whether such claims, demands, actions, suits, causes of action, damages, or liabilities arise or are incurred before, during or after the date hereof), including costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that Plaintiffs or any member or members of the Class who has (have) not timely excluded itself (themselves) from the Class (including any past, present or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns, acting in their capacity as such), whether or not they object to the Settlement and whether or not they make a claim upon or participate in the Settlement Fund, ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, to the extent arising out of or relating to any conduct:

(1) arising under 15 U.S.C. §§ 1, 2 and 14 concerning the sale by Covidien or its predecessors of sharps containers products to the Class members for Class

    Purchases from the beginning of time through the date of this settlement agreement;

(2) that has been or could have been asserted by the Plaintiffs or any member of the Class either in the Class Action in this Court or in any other action or proceeding in this Court or any other court or forum arising out of, or based upon, the conduct alleged in the Class Action Complaint, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation for Class Purchases; or

(3) arising from or related in any way to the administration, allocation, or distribution of the Settlement Fund.

  (b) In addition, each Class member hereby expressly waives and releases, upon the Settlement Agreement becoming final, any and all provisions, rights, benefits conferred by §1542 of the California Civil Code, which reads:

> **Section 1542. <u>General Release--Claims Extinguished</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

or by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. Each Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Paragraph 10, but each Class member hereby expressly waives and fully, finally and forever settles and releases, upon this Settlement Agreement's becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition

of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. For the avoidance of doubt, each Class member also hereby expressly waives and fully, finally and forever settles and releases any and all claims it may have against any Released Party under §17200, *et seq.*, of the California Business and Professions Code or any similar, comparable or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are hereby expressly incorporated into the definition of Released Claims;

(c) The Class specifically maintains a reservation of rights that includes, but is not limited to, rights arising under claims of breach of contract (other than breach of contract based in whole or in part on any conduct challenged in this action), breach of warranty, product liability, personal injury or other claims or causes of action unrelated to the Settlement or claims alleged in the Class Action.

11. Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 79 (D.Mass.2005); *In re Lupron Mktg. and Sales Practices Litig.*, No. 01-CV-10861, 2005 WL 2006833, at *3 (D.Mass. Aug. 17, 2005); *In re TJX Co. Retail Security Breach Litig.*, 584 F.Supp.2d 395, 401 (D. Mass. 2008); and *In re Pharm. Ind. AWP Antitrust Litig.*, 2008 U.S. Dist. LEXIS 111818 (D. Mass. 2008)(Saris, J.) , this Court makes the following findings of fact and conclusions of law:

a. the Settlement confers a monetary benefit on the Class that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case;

b. there were no objections by Class members to the proposed Settlement or to the requested fee award of one-third of the Settlement Fund;

c. Class Counsel have skillfully and efficiently prosecuted this difficult and complex action on behalf of the members of the Class;

d. Class Counsel have reasonably expended thousands of hours, and incurred millions of dollars in out of pocket expenses, in prosecuting this action, with no guarantee of recovery;

e. this antitrust class action involved particularly complex areas of both procedural and substantive law, requiring almost four and one-half years of Class Counsel's consistent effort and skill to resolve;

f. Class Counsel undertook numerous and significant risks of failure and nonpayment in connection with the prosecution of this action;

g. fee awards similar to the fee requested by Class Counsel here have been awarded in similar cases, including numerous antitrust class actions;

h. the Settlement achieved for the benefit of the Class was obtained as a direct result of Class Counsel's skillful advocacy;

i. the Settlement was reached following negotiations held in good-faith and in the absence of collusion;

j. the "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class actions such as this;

k. Class members were advised in the Notice of Proposed Settlement of Class Action, which notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees in an amount up to one-third of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution

of this action;

l.  Class Counsel did, in fact, move for an award of attorneys' fees in the amount of one-third of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, which motion has been on the docket and publicly available since February 23, 2010;

m.  As detailed in Class Counsel's affidavits, a one-third fee award would equate to a lodestar multiplier of approximately .529. An examination of approved multipliers in other antitrust class actions reveals that the multiplier requested here is well within the acceptable range;

n.  in light of the factors and findings described above, the requested one-third fee award is within the applicable range of reasonable percentage fund awards.

Accordingly, Class Counsel are hereby awarded attorneys' fees in the amount of $10,836,182.06 from the Settlement Fund. The Court finds this award to be fair and reasonable.

Further, Class Counsel are hereby awarded $4,127,391.02 out of the Settlement Fund to reimburse them for the expenses they incurred in the prosecution of this lawsuit, which expenses the Court finds to be fair, and reasonably incurred to achieve the benefits to the Class obtained in the Settlement to the Class.

The awarded fees and expenses shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Lead Counsel shall allocate the fees and expenses among all of the Class Counsel.

12.  Neither this Order and Final Judgment, the Settlement Agreement, nor any and all negotiations, documents and discussions associated with it shall be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by

Defendants, or of the truth of any of the claims or allegations contained in any complaint or any other pleading or document, and evidence thereof shall not be discoverable, admissible or otherwise used directly or indirectly, in any way by any party or any third party, whether in this Direct Purchaser Class Action or in any other action or proceeding. Neither this Order and Final Judgment, the Settlement Agreement, nor any and all negotiations, documents and discussions associated with them shall be deemed or construed to be an admission that any claim which was brought or could have been brought against Defendants does or does not have any merit, and neither shall be construed as an admission by Defendants or Plaintiffs, or used against Defendants or Plaintiffs, in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, including, without limitation, an admission that Defendants has engaged in any conduct or practices that violate any antitrust statute or other law.

13.   Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement, and the Settlement Agreement, including the administration and consummation of the Settlement Agreement, the Plan of Administration, and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions herein, except that this submission to the Court's jurisdiction shall not prohibit (a) the assertion of the forum in which a claim is brought that the release included in the Settlement Agreement is a defense, in whole or in part, to such claim or, (b) in the event that such a

defense is asserted in that forum, the determination of its merits in that forum.

14. As a result of the significant efforts and participation in discovery, depositions, and trial, the two Class Representatives are each hereby awarded $35,000 out of the Settlement Fund, for representing the Class, which amount is in addition to whatever monies these plaintiffs will receive from the Settlement Fund pursuant to the Plan of Administration. The Court finds these awards to be fair and reasonable.

15. In the event the Settlement does not become final in accordance with paragraph 4 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void as per paragraph 14 the Settlement Agreement.

16. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Class against all Defendants in this action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Class members.

SO ORDERED this the 12 day of March, 2010.

_____
Hon. Patricia B. Saris
U.S. District Court for the District of Massachusetts